UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARPEAH R. NYENEKOR, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 16-2260 (CKK) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

The Court has revoked plaintiff's *in forma pauperis* status pursuant to the Prison Litigation Reform Act's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)). Accordingly, the Court ordered that plaintiff pay the filing fee in full by July 3, 2017, and advised him that his failure to do so will result in the dismissal of this case. Plaintiff explained that he "cannot meet [the July 3, 2017 deadline], nor will [he] be able to pa[y] the $350.00 dollars without a monthly payment plan[.]" Mot. to Set Aside Dismissal, ECF No. 20 at 2. Now plaintiff asks that "dismissal be set aside until the revocation is lifted[.]" *Id.*

Plaintiff does not dispute the Court's finding that he has accumulated more than three "strikes." *See* Mot. in Respon[se] to the Court's Order Revoking Pl.'s In Forma Pauper[is Status] Pending Plaintiff[']s] Respon[se], ECF No. 22 ¶ 9. Instead he argues that he qualifies for the imminent danger exception.

In plaintiff's view, the Court misconstrues the nature of this civil action: it is not about defendants' interference with his efforts to appeal his criminal conviction. Rather, his case pertains to his status as an "innocent man wrongly convicted on a charge[] that never occurred and that such conviction was the result of: 'Racial Bias, Prejudism [sic], and Ethnicity." *Id.* ¶ 7 (emphasis removed). He finds himself under imminent danger of serious physical injury because "the Government unconstitutionally and deliberately inflict[s] cruel and unusual punishment" upon him. *Id.* ¶ 6 (emphasis removed). His incarceration "could result [in his] serious physical injury and[/]or immediate death, and as such, it meet[s] the PLRA definition of Imminent danger." *Id.* ¶ 7 (emphasis removed); *see id.* at 4 ("When a[n] innocent [65-year old] Victim is racially convicted based on Bias, Ethnicity, and Judicial improprieties, it possess [sic] Imminent Danger of Physical and Mental Injuries of the worst magnitude[.]") (emphasis removed).

At most, plaintiff alleges a vague or potential threat to his safety by virtue of his designation to a federal correctional institution. The mere fact that a facility may be dangerous does not demonstrate imminent danger of serious physical injury. *See Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1075-76 (D.C. Cir. 2015); *Pinson v. Samuels*, 761 F.3d 1, 5 (D.C. Cir. 2014), *aff'd sub nom. Bruce v. Samuels*, 136 S. Ct. 627 (2016); *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420-21 (D.C. Cir. 2009). Where, as here, a plaintiff has a "subjective fear for his safety, absent allegations of an actual, concrete or ongoing threat," *Gross v. Holder*, 714 F. Supp. 2d 133, 135 (D.D.C. 2010), he does not qualify for the imminent danger exception, *see, e.g., Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008) (concluding allegations "that the defendants are preventing [plaintiff] from using the prison law library and from obtaining legal assistance and materials, have not properly processed his grievances, and have subjected him to threats and intimidation" do not demonstrate imminent danger of serious

physical injury); *Young v. Luna*, No. 1:13-CV-02014, 2013 WL 6576038, at *3 (E.D. Cal. Dec. 13, 2013) (concluding that "[t]he danger that one of the correctional officers or medical staff will harass [plaintiff] and then carry out a verbal threat by injuring him is speculative, rather than a particular, present threat of injury," such that plaintiff "fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee."), *aff'd*, 668 F. App'x 724 (9th Cir. 2016).

The Court will grant plaintiff's Motion to Rule on Plaintiff[']s Three Motion[s] Filed Before This Court, ECF No. 18, and his Motion for Extension of Time Due To Emergency Changes in Federal Bureau of Prison[s'] New Rule, ECF No. 21.  Plaintiff was not entitled to *in forma pauperis* status when he filed this action, and the Court therefore will deny plaintiff's Motion to Set Aside Dismissal, ECF No. 20.  The Court declines to address the merits of his complaint, defendant's motion to dismiss, ECF No. 16, and the remainder of plaintiff's pending motions, ECF Nos. 9, 11, 12, and 14.  Instead, the Court will deny these motions without prejudice.  If, after plaintiff pays the filing fee in full and successfully moves to reopen this case, the parties are free to renew their respective motions at a later date.

An order is issued separately.

DATE: July 19, 2017

　　　　　　　　　　　　　　　　　　　　　　　/s/ Colleen Kollar-Kotelly
　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge